[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12808

_____

D. C. Docket No. 1:10-cv-03512-CAP


SCOTTSDALE INSURANCE COMPANY,

Plaintiff - Appellee,

versus

RICHARD PURSLEY, etc.,

Defendant,

SHERYL SIMPSON-JONES,
individually and as the personal administrator
of the Estate of Christopher E. Jones,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 20, 2012)

Before JORDAN and HILL, Circuit Judges, and EDENFIELD,[*] District Judge.

PER CURIAM:

Sheryl Simpson-Jones appeals the District Court's determination that

Scottsdale Insurance Company ("Scottsdale") is not obligated to defend its

insured, Richard Pursley. Simpson-Jones filed suit in state court alleging tort

claims arising out of the death of her husband, Christopher Jones, due to carbon

monoxide poisoning. Scottsdale filed a declaratory judgment action in the District

Court, seeking a determination that it was not obligated to defend Pursley. The

District Court granted Scottsdale's Federal Rule of Civil Procedure 12(c) motion

for judgment on the pleadings, concluding that the insurance policy's total

pollution exclusion clause and definition of property damage excluded coverage.

Finding Georgia case law directly on point and the policy unambiguously

exclusive of coverage for Simpson-Jones's claims, we affirm.

## I. BACKGROUND

Richard Pursley, a boat mechanic, purchased a Commercial General

Liability ("CGL") policy from Scottsdale to cover liabilities, subject to certain

terms, conditions, limitations, and exclusions, incurred operating his mobile

marine engine repair business. Sheryl Simpson-Jones and her husband

---

[*]Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

Christopher Jones hired Pursley to repair their boat. While making the repairs, Pursley neglected to cover the exhausts for the starboard engine.

One night following Pursley's repairs, Mr. Jones activated the boat's generator to operate air conditioning. The generator shared a common exhaust vent with the starboard engine. Carbon monoxide saturated the engine room, whence it diffused into the cabin, kitchen, and sleeping quarters. Mr. Jones fell asleep in the sleeping quarters and was found dead the next morning. He died of carbon monoxide poisoning.

Simpson-Jones's complaint alleged, among other claims, negligence against Pursley for his failure to seal and secure the engine exhaust system. Scottsdale sought and obtained a declaratory judgment from the District Court that Scottsdale had no duty to defend or indemnify Pursley because the policy's provisions foreclosed coverage. Simpson-Jones appealed.

## II. DISCUSSION

We review de novo a district court's decision on a Rule 12(c) motion for judgment on the pleadings. Ward v. Ret. Bd. of Bert Bell/Pete Rozelle NFL Player Ret. Plan, 643 F.3d 1331, 1333 (11th Cir. 2011). We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving

3

party.  Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010).  Judgment on the pleadings is appropriate when no material facts are in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.  Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).

Simpson-Jones appeals the District Court's application of the policy's total pollution exclusion and property damage clause.

A. Personal Injury Claims

Simpson-Jones argues that her state court claims fall outside of the total pollution exclusion's purview.  Simpson-Jones also argues that the District Court's application of the exclusion disregards the historical purpose of similar exclusions and violates Georgia public policy.

The total pollution exclusion barred from coverage "'[b]odily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." "Pollutants" under the policy are "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

4

The Georgia Supreme Court has considered such arguments and found that a similar pollution exclusion denied coverage in a scenario involving carbon monoxide poisoning. In Reed v. Auto-Owners Insurance Co., a tenant sued her landlord for carbon monoxide poisoning allegedly caused by the landlord's substandard maintenance of a rental house. See 667 S.E.2d 90, 91 (Ga. 2008). The landlord's insurer filed a declaratory judgment action requesting a determination of non-liability. Id. The trial court denied the insurer's motion for summary judgment, and the Georgia Court of Appeals reversed, holding that the pollution exclusion clause in the landlord's CGL policy unambiguously excluded the tenant's claim from coverage. Id. The exclusion in Reed contained a definition of "pollutants" virtually identical to the definition in this case. Id. at 92.

The Georgia Supreme Court looked at Reed's complaint, noted the complaint's allegation that the carbon monoxide gas "poisoned" Reed, and decided that Reed's claim was barred. Id. The court rejected the argument that such exclusions were traditionally aimed at conventional environmental pollution. See id. The court noted that no language in the policy supported restricting application of the exclusion to traditional environmental pollution. See id. Two justices dissented, stating that the majority's decision made "for neither good law nor good public policy." Id. at 93.

Mr. Jones died due to carbon monoxide poisoning. Simpson-Jones's complaint renders this case analogous to <u>Reed</u>. Accordingly, <u>Reed</u> controls, and Simpson-Jones's personal injury claim is barred from coverage by the total pollution exclusion.

B. <u>Property Damage Claims</u>

Simpson-Jones also asserted a claim for property damage due to the diminished value of the boat.

The policy defined "property damage" as either "[p]hysical injury to tangible property, including all resulting loss of use of that property. . . . or [l]oss of use of tangible property that is not physically injured."

Simpson-Jones alleged neither physical injury to nor loss of use of the boat. Simpson-Jones's diminished value claim is not cognizable property damage under the policy. Accordingly, the District Court properly granted judgment on the pleadings in Scottsdale's favor with regards to the state property damage claim.

III. CONCLUSION

Pursley's CGL policy unambiguously excluded claims arising out of injuries partially caused by pollution. Under Georgia law, carbon monoxide is a pollutant. For this reason, the total pollution exclusion is applicable and combines with the policy's definition of property damage to bar coverage against Simpson-Jones's

6

claims. The District Court properly granted Scottsdale's motion for judgment on the pleadings.

AFFIRMED.